UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tonya L. Randleman,
next friend of Dean L. Swain, Jr.,                    Case No. 3:25-cv-02586

                        Petitioner

        v.                                            MEMORANDUM OPINION
                                                      AND ORDER

Warden Dennis Sullivan,

                        Respondent


        On November 25, 2025, Tonya L. Randleman filed a Petition for a Writ of Habeas Corpus

under 28 U.S.C. § 2241 on behalf of Dean L. Swain, Jr. (Doc. No. 1). Randleman indicated that she

is the "next friend" of Swain, the petitioner, and she signed the Petition on behalf of Swain. (*Id.* at

1). Randleman also indicated that she is the "real party in interest, mother as legal guardian and next

friend of Dean L. Swain, Jr., person without representation," and she cited to Rule 17(c)(2) of the

Federal Rules of Civil Procedure. (Doc. No. 1-1 at 1). The Petition states that Swain is a pretrial

detainee currently being held in the Corrections Center of Northwest Ohio on orders by federal

authorities and it asserts 11 grounds for relief challenging Swain's pretrial detention.

        As an initial matter, Randleman cannot represent Swain in this Court. A party may plead

and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle

Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The statute, however, "does not

permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v.*

*Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir. 2014) (per curiam)). This statute, therefore, does not allow for an unlicensed layperson to represent anyone in federal court other than himself or herself. *See Shepherd*, 313 F.3d at 970-71; *Eagle Assocs.*, 926 F.2d at 1308.

Randleman appears to assert that she may represent Swain as "next friend" pursuant to Rule 17(c)(2). This rule provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). To obtain "next friend" status, an individual must (1) provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interests cannot appear on his own behalf to prosecute the action, and (2) demonstrate that he or she is truly dedicated to the best interests of the person on whose behalf he or she seeks to litigate. *Townsend v. Foley*, No. 1:21-cv-2264, 2022 WL 22955861, 2022 U.S. Dist. LEXIS 256454, *2 (N.D. Ohio Mar. 1, 2022) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). A "'next friend' does not himself become a party to the habeas corpus action in which he participates but simply pursues the cause on behalf of the detained person, who remains the party in interest." *Id.* Importantly, however, a non-lawyer cannot serve as a "next friend" unless she, herself, is represented by counsel. *See* 28 U.S.C. § 1654; *Carre v. Nutton*, No. 25-CV-11628, 2025 WL 2166009, 2025 U.S. Dist. LEXIS 149098, *3 (E.D. Mich. July 30, 2025) (citing *Shepherd*, 313 F.3d 963). "The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel." *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d. Cir. 2009).

Here, there is no suggestion in the Petition that Randleman is a licensed attorney. Therefore, even if Randleman could demonstrate Swain's inability to represent himself, she may not represent his interests as next friend. Swain did not sign the Petition. Without his signature or the signature of a licensed attorney, the case is not properly before the Court.

Accordingly, I DENY the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and DISMISS the action without prejudice. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge